# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| PRATUL M. PATEL, M.D., and PRATUL M. PATEL, M.D., P.A., | § § § | |
| | § | Civil Case No. 3-08-cv-249 |
| Plaintiffs, | § | |
| v. | § | |
| PACIFIC LIFE INSURANCE COMPANY, ECONOMIC CONCEPTS, INC., ECI PENSION SERVICES, LLC, KENNETH R. HARTSTEIN, BRYAN CAVE LLP AND RICHARD C. SMITH, | § § § § § | |
| | § | |
| Defendants. | § § | |

## BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

Paul E. Coggins
Kelly Rothermel Vickers
FISH & RICHARDSON, P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091

Thomas C. Borders, P.C. (pro hac vice)
Douglas E. Whitney (pro hac vice)
Joshua G. Herman
MCDERMOTT WILL & EMERY LLP
227 W. Monroe Street
Suite 4400
Chicago, Illinois 60660
Telephone:  312-372-2000
Facsimile:  312-984-7700

**ATTORNEYS FOR DEFENDANTS BRYAN CAVE LLP AND RICHARD C. SMITH**

Dated:  December 31, 2008

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  FACTUAL ALLEGATIONS ............................................................................... 2

    A.  2003:  Plaintiffs Establish a 412(i) Plan .................................................. 2

    B.  February 2004:  The IRS Issues Guidance Regarding 412(i) Plans. ................... 4

III.  ARGUMENT AND AUTHORITIES ................................................................. 4

    A.  This Court Lacks Personal Jurisdiction Over Bryan Cave. ................... 5

        1.  Standard of Review.................................................................... 5

        2.  Relevant Jurisdictional Facts ................................................... 6

        3.  Plaintiffs Cannot Establish Personal Jurisdiction Over Bryan Cave. ........ 7

    B.  Plaintiffs' Claims Are Time-Barred ....................................................... 11

        1.  Standard of Review.................................................................. 11

        2.  Each of Plaintiffs' Claims Accrued No Later Than May 2003. ........... 11

        3.  Each of the Limitations Periods Began to Run No Later Than
            February 13, 2004 ................................................................... 12

        4.  Each of Plaintiffs' Claims is Time-Barred............................... 14

    C.  Plaintiffs Fail to State Any Claims Against Bryan Cave ..................... 14

        1.  Standard of Review.................................................................. 15

        2.  Plaintiffs Fail to State a Claim for Common-Law Fraud Against
            Bryan Cave.............................................................................. 16

        3.  Plaintiffs Fail to State an Aiding and Abetting Claim. ........... 19

        4.  Plaintiffs Fail to State a Claim for Civil Conspiracy .............. 19

        5.  Plaintiffs Fail to State a Claim for Negligent Misrepresentation............ 21

        6.  Plaintiffs' Breach of Fiduciary Duty and Professional
            Negligence/Malpractice Claims Fail Because Bryan Cave Owed
            No Duties to Plaintiff and No Attorney-Client Relationship
            Existed..................................................................................... 22

    CONCLUSION................................................................................................. 25

TABLE OF AUTHORITIES

PAGE

## Cases

Abrams Centre National Bank v. Farmer, Fuqua & Huff, P.C.,
   225 S.W.3d 171 (Tex. App. -- El Paso 2005, no pet.) ............................................. 22

Admiral Ins. Co., et al. v. Heath Holdings USA, Inc.,
   No. 3:03-cv-1634-G, 2004 U.S. Dist. LEXIS 9211 (N.D. Tex. May 21, 2004) ...................... 19

Allred v. Moore & Peterson,
   117 F.3d 278 (5th Cir. 1997) ................................................................ 5

Autoflex Leasing, Inc. v. Team Motor Sports, Inc.,
   No. 3:03-CV-2786-R, 2004 U.S. Dist. LEXIS 11513 (N.D. Tex. June 23, 2004) .................... 5

Banc One Capital Partners Corp. v. Kneipper,
   67 F.3d 1187 (5th Cir. 1995) ................................................................ 23

Barcelo v. Elliott,
   923 S.W.2d 575 (Tex. 1996) .................................................................. 23

Bell Atl. Corp. v. Twombly,
   127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ............................................ 15

Benchmark Elecs., Inc. v. J.M. Huber Corp.,
   343 F.3d 719 (5th Cir. 2003) ............................................................ 15, 16

Bergenholtz v. Cannata,
   200 S.W.3d 287 (Tex. App. -- Dallas 2006, no pet.) ......................................... 8

Berry, et al. v. Indianapolis Life et al.,
   08-cv-248 .................................................................................. 9

Bradley v. Phillips Petroleum Co.,
   527 F. Supp. 2d 625 (S.D. Tex. 2007) ...................................................... 15

Brothers v. Print, Inc.,
   No. 3:07-CV-0415-B, 2007 U.S. Dist. LEXIS 83422 (N.D. Tex. Nov. 8, 2007) .................... 18

Cetel v. Kirwan Fin. Group, Inc.,
   460 F.3d 494 (3d Cir. 2006) ................................................................ 13

Computer Assocs. Int'l, Inc. v. Altai, Inc.,
   918 S.W.2d 453 (Tex. 1996) ................................................................. 12

Dibon Solutions, Inc. v. Chugach Alaska Corp.,
   No. 3:08-CV-0097-B, 2008 U.S. Dist. LEXIS 45627 (N.D. Tex. June 10, 2008) .................... 6

Dorsey v. Portfolio Equities, Inc,
   540 F.3d 333 (5th Cir. 2008) ............................................................... 15

Enigma Holdings, Inc. v. Gemplus International, S.A.,
   No. 3:05-CV-1168-B ECF, 2006 U.S. Dist. LEXIS 72996 (N.D. Tex. Oct. 6, 2006) ............... 17

Fielding v. Hubert Burda Media Inc.,
  415 F.3d 419 (5th Cir. 2005) ........................................................................ 5

First Nat'l Bank v. Trans Terra Corp. Int'l,
  142 F.3d 802 (5th Cir. 1998) ...................................................................... 24

Fluharty, et al. v. Lewis, Rice & Fingerlish, et al.,
  Case No. 3:04-cv-1177-B (N.D. Tex. May 16, 2005) ................................... 9

Fusco v. Johns-Manville Prods. Corp.,
  643 F.2d 1181 (5th Cir. 1981) .................................................................... 13

Geosearch, Inc. v. Howell Petroleum Corp.,
  819 F.2d 521 (5th Cir. 1987) ...................................................................... 22

Graham v. Focus Golf Sys., Inc.,
  No. 3:96-CV-1850-G, 1997 U.S. Dist. LEXIS 4816 (N.D. Tex. March 26, 1997) ................... 5

Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,
  313 F.3d 305 (5th Cir. 2002) ...................................................................... 17

Halaris v. Viacom, Inc.,
  No. 3:06-CV-1646-N, 2007 U.S. Dist. LEXIS 85831 (N.D. Tex. Sept. 21, 2007) ................ 20

Hamilton v. Segue Software, Inc.,
  232 F.3d 473 (5th Cir. 2000) ...................................................................... 17

Hampton/SHL Inv. Co. v. Arnold Industries, Inc.,
  No. 3:98-CV-0961-R, 1999 U.S. Dist. LEXIS 1105 (N.D. Tex. Jan. 28, 1999) ................. 8

HECI Exploration Company and Browning Oil Company, Inc. v. Russell H. Neel,
  982 S.W.2d 881 (Tex. 1998) ...................................................................... 12

Hernandez v. Ciba-Geigy Corp. USA,
  200 F.R.D. 285 (S.D. Tex. 2001) ......................................................... 15, 20

Highland Crusader Offshore Partners, L.P. v. Lifecare Holdings, Inc.,
  No. 3:08-CV-0102-B, 2008 U.S. Dist. LEXIS 66229 (N.D. Tex. Aug. 27, 2008) ................ 19

Hughes Wood Prods., Inc. v. Wagner,
  18 S.W.3d 202, 43 Tex. Sup. Ct. J. 595 (Tex. 2000) ................................. 16

Hunton v. Guardian Life Ins. Co.,
  243 F. Supp. 2d 686 (S.D. Tex. 2001) ....................................................... 13

Hutton v. Deutsche Bank AG et al.,
  541 F. Supp. 2d 1166 (D. Kan. 2008) ........................................................ 13

Int'l Shoe Co. v. Wash.,
  326 U.S. 310 (1945) ..................................................................................... 6

Johnson & Johnson Med., Inc. v. Sanchez,
  924 S.W.2d 925 (Tex. 1996) ...................................................................... 16

Juhl v. Airington,
  936 S.W.2d 640 (Tex. 1996) ...................................................................... 20

Kastner v. Jenkens & Gilchrist, P.C.,
  231 S.W.3d 571 (Tex. App. -- Dallas 2007, no pet.)............................................. 22

Kerlin v. Concepcion Sauceda,
  263 S.W.3d 920 (Tex. 2008)................................................................................ 13

Kitchell v. Aspen Exploration, Inc.,
  562 F. Supp. 2d 843 (E.D. Tex. 2007) ................................................................ 21

Kline v. O'Quinn,
  874 S.W.2d 776 (Tex. App. -- Houston 1994, writ denied) .................................. 24

Linquest v. City of Pasadena, Texas,
  No. 07-20013, 2008 WL 1726173 (5th Cir. April 15, 2008)................................. 20

Love Terminal Partners, L.P. v. City of Dallas, Texas,
  527 F. Supp. 2d 538 (N.D. Tex. 2007) ................................................................ 21

Mauskar v. Hardgrove,
  No. 14-02-00756-CV, 2003 Tex. App. LEXIS 5117
  (Tex. App. -- Houston Jan 12, 2001, no pet.) ....................................................... 13

Mayo v. Hartford Life Ins. Co.,
  354 F.3d 400 (5th Cir. 2004) ............................................................................... 16

McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,
  991 S.W.2d 787 (Tex. 1999)................................................................................ 22

Meadows v. Hartford Life Ins. Co.,
  492 F.3d 634 (5th Cir. 2007) ............................................................................... 20

Miller v. Raytheon Aircraft Co.,
  229 S.W.3d 358 (Tex. App. -- Houston 2007, no pet.)........................................ 19

Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,
  512 F.3d 137 (5th Cir. 2007) .......................................................................... 15, 20

Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & ERISA Litig.),
  490 F. Supp. 2d 784 (S.D. Tex. 2007) ................................................................ 18

Patel v. Holiday Hospitality Franchising, Inc.,
  172 F. Supp. 2d 821 (N.D. Tex. 2001) ................................................................ 14

Patton v. Fujitsu Technology Solutions, Inc.,
  No. 3:02-CV-1848-G, 2002 U.S. Dist. LEXIS 21589 (N.D. Tex. Nov. 7, 2002) ................... 11

Reliable Consultants, Inc. v. Earle,
  517 F.3d 738 (5th Cir. 2008) ............................................................................... 15

Sabine Towing & Transportation Co. Inc. v. Holliday Insurance Agency, Inc.,
  54 S.W.3d 57 (Tex. App. -- Texarkana 2001, pet. denied).................................. 12

SMWNPF Holdings, Inc. v. Devore,
  165 F.3d 360 (5th Cir. 1999) ............................................................................... 23

Span Enters. v. Wood,
   No. 01-07-00364-CV, 2008 Tex. App. LEXIS 9067
   (Tex. App. -- Houston Dec. 4, 2008, no pet. hist.) ................................................. 19

Stroman Realty, Inc. v. Wercinski,
   513 F.3d 476 (5th Cir. 2008) ...................................................................................... 6

Summer v. Land & Leisure, Inc.,
   664 F.2d 965 (5th Cir. 1981) .................................................................................... 11

Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.,
   273 F.3d 644 (5th Cir. 2001) .................................................................................... 11

TIG Ins. Co. v. Aon Re, Inc.,
   521 F.3d 351 (5th Cir. 2008) .................................................................................... 11

Torres v. Valencia,
   No. SA-06-CA-582, 2006 U.S. Dist. LEXIS 94602 (W.D. Tex. Sept. 27, 2006) ................... 20

Trinity Indus., Inc. v. Myers & Assoc., Ltd.,
   41 F.3d 229 (5th Cir. 1995) ........................................................................................ 8

Unimobil 84, Inc. v. Spurney,
   797 F.2d 214 (5th Cir. 1986) .................................................................................... 19

United States ex rel. Willard v. Humana Health Plan of Texas Inc.,
   336 F.3d 375 (5th Cir. 2003) .................................................................................... 15

United States v. St. Luke's Episcopal Hosp.,
   355 F.3d 370 (5th Cir. 2004) .................................................................................... 20

Via Net v. TIG Ins. Co.,
   211 S.W.3d 310 (Tex. 2006)...................................................................................... 11

Weinberg v. Nat'l Football League Players,
   No. 3:06-CV-2332-B, 2008 U.S. Dist. LEXIS 89998 (N.D. Tex. Nov. 5, 2008)..................... 5

Weldon-Francke v. Fisher,
   237 S.W.3d 789 (Tex. App. -- Houston 2007, no pet.)............................................... 8

Williams v. WMX Tech., Inc.,
   112 F.3d 175 (5th Cir. 1997) .................................................................................... 17

Woolley v. Clifford Chance Rogers & Wells, L.L.P.,
   No. 3:01-CV-2185-D, 2004 U.S. Dist. LEXIS 97 (N.D. Tex. Jan. 5, 2004)........................... 11

## Statutes

Fed. R. Civ. P. 9(b) ........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(2) .................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(6)................................................................................ 1, 12, 17

Restatement (Second) Conflict of Laws § 148 ............................................... 16

Restatement (Second) of Torts § 552............................................................. 22

Tex. Civ. Prac. & Rem. Code § 17.042 ................................................................. 6

Tex. Civ. Prac. & Rem. Code § 16.003(a) ........................................................... 14

Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) ...................................................... 14

Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) ...................................................... 14

**Other Authority**

Rev. Rul. 2004-20 ................................................................................................. 18

Defendants Bryan Cave LLP and Richard C. Smith (collectively, "Bryan Cave") respectfully move this Court to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Rules 9(b), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court, and submit this Brief in Support.

## I.     INTRODUCTION

This lawsuit, which was first filed in February 2008, arose out of Plaintiffs' decision in 2003 to establish a defined benefit pension plan known as a Pendulum Plan, which was designed by defendant Economic Concepts, Inc. ("ECI") and funded through the purchase of an insurance policy from defendant Pacific Life Insurance Company ("Pacific Life").  In their recently filed FAC, Plaintiffs have now added Bryan Cave as a defendant, claiming that the law firm conspired with the other defendants to induce Plaintiffs to establish the plan and purchase the policies.

Plaintiffs' claims against Bryan Cave depend primarily on an opinion Bryan Cave prepared for its client, ECI, in 1999 regarding certain aspects of the Pendulum Plan.  However, Plaintiffs do not allege that Bryan Cave (or anyone else) ever provided that opinion to Plaintiffs or that Plaintiffs ever read or reviewed it.  Plaintiffs also allege that Bryan Cave "act[ed] as Plaintiffs' attorneys" in 2003 in drafting certain Pendulum Plan documents for ECI, but Plaintiffs conspicuously fail to allege that they ever spoke with or otherwise communicated with Bryan Cave, that they themselves retained Bryan Cave, or that they ever paid Bryan Cave.

Plaintiffs' efforts to connect Bryan Cave to their claims of fraud and misrepresentation are strained, unsupported, and legally deficient in several critical respects.  First, as Plaintiffs' counsel has acknowledged on a number of prior occasions, this Court does not have jurisdiction over Bryan Cave because, in connection with the marketing, sale, and administration of the Pendulum Plan, Bryan Cave did not advertise its services in Texas, did not perform any work in Texas, did not travel to Texas, did not communicate with any Texas residents, did not earn any

revenue from Texas residents, and most importantly, never communicated with Plaintiffs in Texas.  Second, Plaintiffs' claims against Bryan Cave are barred by the governing statutes of limitations because Plaintiffs failed to assert their claims against Bryan Cave within four years after the IRS, according to Plaintiffs, labeled the Pendulum Plan an "illegal and abusive tax shelter."  Third, Plaintiffs' allegations against Bryan Cave are legally deficient because they fail to establish the requisite elements and lack the particularity required by the Federal Rules.

For these reasons, each of Plaintiffs' claims against Bryan Cave should be dismissed.

## II.   FACTUAL ALLEGATIONS[1]

### A.     2003:  Plaintiffs Establish a 412(i) Plan.

In 2002, Plaintiff Pratul M. Patel, M.D. ("Patel"), upon receiving unsolicited advice from an unnamed source, sought additional information regarding defined benefit plan pension plans through his investment advisor, Franck Cushner ("Cushner").  (FAC, ¶ 35).  Plaintiffs allege that Cushner, who is not named in this action, then contacted Pacific Life, which then referred Patel to ECI.  (*Id.*, ¶ 35).  Plaintiffs claim that Cushner, Pacific Life and ECI marketed the Pendulum Plan by promising certain retirement benefits and income tax deductions, (*Id.*, ¶¶ 35, 37), and in reliance on such promises, Plaintiffs established their defined benefit pension plan (the "Patel Plan") in 2003.  (*Id.*, ¶¶ 38-39).

Plaintiffs do not allege that they ever communicated with Bryan Cave at any time prior to their decision to establish the Patel Plan.  (FAC, ¶ 36).  Nor do Plaintiffs allege that they received any information from Bryan Cave regarding the insurance policies or the Pendulum Plan and its tax consequences.  In an effort to fill this critical void in their allegations against Bryan Cave, Plaintiffs devote much of the FAC to describing the purported deficiencies in an opinion Bryan

---

[1] Bryan Cave accepts, for the purposes of this motion only, the allegations set forth in the FAC as true.

Cave prepared for ECI in 1999 regarding certain elements of the Pendulum Plan. (*See Id.*, ¶¶ 26-30). While Plaintiffs allege that ECI and Pacific Life "frequently distributed" this opinion in marketing the Pendulum Plan, Plaintiffs conspicuously fail to allege that they received a copy of this opinion or reviewed it when they elected to establish the Patel Plan. (*Id.*, ¶¶ 29, 35).

Instead, Plaintiffs claim that undefined "representations" from Bryan Cave (presumably from the Bryan Cave opinion) somehow "bolstered" Cushner's marketing efforts and led him to state that the plan was "risk free" and could provide the retirement savings sought by Patel. (FAC, ¶ 35). Through this unsupported and second-hand reliance theory, Plaintiffs then claim that they established the Patel Plan in reliance not only on the representations made by Cushner, but on the "Bryan Cave Opinion." (*Id.*, ¶ 38). Plaintiffs advance such reliance arguments without alleging, however, that they ever saw, received, or read Bryan Cave's 1999 opinion to ECI at any time before (or after) establishing the Patel Plan.

Plaintiffs further allege that the insurance policies they purchased from Pacific Life in 2003 to fund the Patel Plan had "an excessive and improper surrender charge" and required the payment of "enormous premiums and commissions." (FAC, ¶¶ 34, 55). They also allege that defendants knew or should have known that the IRS would have been critical of the Plan funded by such insurance policies, but that defendants did not disclose these risks because they were blinded by the high premiums and commissions. (*Id.*, ¶ 15). Plaintiffs allege the exceptional profits earned by the insurance companies were central to the scheme, but they do not allege that Bryan Cave ever received any portion of these profits and commissions. (*Id.*, ¶ 20).

Plaintiffs also allege that Bryan Cave "act[ed] as Plaintiffs' attorneys" in drafting the documents to establish the Patel Plan in or around May 2003. (FAC, ¶ 38). They do not allege, however, that they ever spoke with, communicated with, or retained Bryan Cave to represent

them in connection with the Patel Plan.  Rather, they allege "*[u]pon information and belief*" that Bryan Cave was "retained by Plaintiffs via ECI" for this purpose.  (*Id.*, ¶ 26).  Yet, Plaintiffs do not identify the date for such supposed retention, or any engagement agreement.  Moreover, they do not allege that they paid any fees to Bryan Cave or that they communicated with Bryan Cave on *a single occasion* before or after their decision to establish the Patel Plan.

### B.    February 2004:  The IRS Issues Guidance Regarding 412(i) Plans.

On February 13, 2004, the IRS issued a press release, two revenue rulings, and a proposed regulation that, according to Plaintiffs, "confirmed what industry observers (including Defendants) had long recognized – that the 412(i) plans and policies being marketed by Defendants constituted illegal and abusive tax shelters." (FAC, ¶ 44).  Plaintiffs claim that defendants should have foreseen the IRS's issuance of these new rules because the IRS "had long criticized many of the same features that characterized the 412(i) plans and insurance policies that were marketed by Defendants."  (*Id.*, ¶ 40).  The IRS began auditing sponsors of some § 412(i) Plans in late 2005.  (*Id.*, ¶ 44).  Plaintiffs allege they were audited by the IRS sometime before mid-to-late 2006 and their audit is currently ongoing.  (*Id.*, ¶¶ 45, 54).

### III.    ARGUMENT AND AUTHORITIES

Plaintiffs' claims against Bryan Cave are doomed by their own deficient factual allegations.  Plaintiffs' allegations contain gaping and conspicuous omissions regarding any acts of Bryan Cave in or directed toward Texas, any communications or interaction with Plaintiffs, and any representations made by Bryan Cave and relied on by Plaintiffs.  For several reasons, these omissions dictate that the claims against Bryan Cave be dismissed.  First, this Court lacks personal jurisdiction over Bryan Cave.  Second, each of Plaintiffs' claims is barred by the governing statutes of limitations.  Third, each of Plaintiffs' claims fails to state a cause of action.

### A.   This Court Lacks Personal Jurisdiction Over Bryan Cave.

Plaintiffs concede that the Court lacks general jurisdiction over Bryan Cave and acknowledge that jurisdiction "arises wholly from [Bryan Cave's] representation of [Plaintiffs] with respect to the establishment of Plaintiffs' defined benefit pension plan."  (FAC, ¶ 2). However, the undisputed facts, established through the allegations of the FAC and the attached affidavit of Defendant Richard C. Smith (*See* Exhibit 1 to Bryan Cave's Appendix), conclusively demonstrate that Bryan Cave did not purposefully direct any activities to Texas in connection with the establishment of the Patel Plan, and has never communicated with Plaintiffs.  Thus, as Plaintiffs' counsel has acknowledged in factually indistinguishable circumstances, there is simply no basis to assert personal jurisdiction over Bryan Cave in connection with this lawsuit.

### 1.   Standard of Review.

When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff "bears the burden of establishing a trial court's jurisdiction over each defendant."  *Weinberg v. Nat'l Football League Players*, No. 3:06-CV-2332-B, 2008 U.S. Dist. LEXIS 89998, at *8 (N.D. Tex. Nov. 5, 2008) (Boyle, J.) (citation omitted); *see also Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).  The Court should generally accept the allegations of the complaint as true, but should not credit allegations that are "controverted by opposing affidavits," *Graham v. Focus Golf Sys., Inc.*, No. 3:96-CV-1850-G, 1997 U.S. Dist. LEXIS 4816, at *5 (N.D. Tex. March 26, 1997) (citations omitted), and it may disregard "[m]ere 'conclusory allegations' without any suggestion of supporting facts."  *Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, No. 3:03-CV-2786-R, 2004 U.S. Dist. LEXIS 11513, at *6 (N.D. Tex. June 23, 2004) (citation omitted).

A federal district court sitting in diversity "may exercise personal jurisdiction to the extent permitted for a court under applicable law of the state in which the federal court sits." *Fielding v. Hubert Burda Media Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citation omitted).  Since

the Texas long-arm statute (Tex. Civ. Prac. & Rem. Code § 17.042) is coextensive with federal constitutional limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Weinberg*, 2008 U.S. Dist. LEXIS 89998 at *10.

The Due Process Clause of the Fourteenth Amendment "prohibits the exercise of personal jurisdiction over a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)). In other words, the "defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with that state such that it should reasonably anticipate being haled into court there." *Weinberg*, 2008 U.S. Dist. LEXIS 89998 at *10 (citation omitted). Specific jurisdiction does not exist unless the defendant "undertook some activity in, or purposefully directed some act at, Texas *and* that the plaintiff's claims arise out of or result from those activities." *Id*. at *11 (citation omitted).[2]

> 2. Relevant Jurisdictional Facts.

The law firm of Bryan Cave LLP has its principal place of business in St. Louis, Missouri and does not have an office in Texas. (App. Ex. 1, at p. 2, ¶ 4). Since 1996, Smith has been a partner in the Phoenix, Arizona office of Bryan Cave LLP. (*Id.* at p. 2, ¶ 3). Smith has never worked or maintained an office in the State of Texas and has never been licensed to practice law in the State of Texas, nor has he ever held any professional licenses in the State of Texas. (*Id.* at p. 3, ¶¶ 9-11). He has never appeared before any court in the State of Texas, and Smith has

---

[2] While in personam jurisdiction may be established through either general or specific jurisdiction, Plaintiffs correctly concede that the Court does not have general jurisdiction over Bryan Cave, (*see* FAC, ¶ 2), and the Court thus need only examine the issue of specific jurisdiction. *See, e.g., Dibon Solutions, Inc. v. Chugach Alaska Corp.*, No. 3:08-CV-0097-B, 2008 U.S. Dist. LEXIS 45627, at *7 (N.D. Tex. June 10, 2008) (Boyle, J.).

never solicited clients in the State of Texas or advertised his services in the State of Texas.  (*Id.* at p. 3, ¶¶ 12-13).

Smith was the Bryan Cave attorney who represented ECI in connection with the Pendulum Plan.  (App. Ex. 1, at p. 3, ¶¶ 15-16).   In that capacity, Smith prepared plan documentation for numerous Pendulum Plan participants, including Plaintiffs.  (*Id.* at p. 3, ¶ 15). Smith was the only Bryan Cave attorney who worked on these matters.  (*Id.* at p. 3, ¶ 16).  Smith never traveled to Texas to meet with Plaintiffs, never sent materials to Plaintiffs in Texas, and never communicated in writing or orally with Plaintiffs in Texas or anywhere else.  (*Id.* at p. 3, ¶ 18).  Smith has not entered into any contract or retainer agreement to provide Plaintiffs with any services in Texas, or anywhere else.  (*Id.* at p. 3, ¶ 19)  Smith has not received fees from Plaintiffs or any other Texas residents in connection with his preparation of documentation for the Patel Plan or other Pendulum Plans.  (*Id.* at p. 4, ¶ 20).

3.    Plaintiffs Cannot Establish Personal Jurisdiction Over Bryan Cave.

Despite the stark disconnect between Bryan Cave's purported acts and the state of Texas, Plaintiffs nevertheless assert that the Court has personal jurisdiction over Bryan Cave based "wholly from [its] representation of these Texas-based plaintiffs with respect to the establishment of Plaintiffs' defined benefit plan in this matter."  (FAC, ¶ 2).  These jurisdictional allegations are woefully insufficient because, as set forth above and in the attached affidavit of Richard C. Smith, Bryan Cave had *no contact* with Texas in connection with the establishment of the Patel Plan.  Simply put, Bryan Cave did not direct any activities to Texas, and exercising jurisdiction over Bryan Cave would not comport with the governing due process protections.

Even accepting for jurisdictional purposes Plaintiffs' unsupported and illogical claim that they had an attorney-client relationship with Bryan Cave (via a third party), the remaining allegations in the FAC and the facts set forth in the Smith Affidavit show that the Court lacks

BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

jurisdiction over Bryan Cave.  As an initial matter, the Fifth Circuit has made clear that "[t]he bare existence of an attorney-client relationship is not sufficient" to establish minimum contacts. *Trinity Indus., Inc. v. Myers & Assoc., Ltd*., 41 F.3d 229, 230 (5th Cir. 1995) (citation omitted); *see also Hampton/SHL Inv. Co. v. Arnold Industries, Inc*., No. 3:98-CV-0961-R, 1999 U.S. Dist. LEXIS 1105, at *11-12 (N.D. Tex. Jan. 28, 1999) (citation omitted) ("The fact that [defendant] negotiated a contract with a Texas resident does not constitute minimum contacts with Texas.").

In fact, courts have repeatedly refused to exercise jurisdiction over non-resident attorneys who have represented Texas residents absent surrounding facts demonstrating that the nonresident lawyer had sufficient and purposeful contacts with Texas so that he could reasonably anticipate being haled into court there.  *See*, *e.g.*, *Weldon-Francke v. Fisher*, 237 S.W.3d 789, 797 (Tex. App. -- Houston 2007, no pet.) (declining to exercise personal jurisdiction over nonresident attorney who represented Texas residents).  These authorities demonstrate that the inquiry's key focus is whether the out-of-state attorney had sufficient, purposeful contacts with Texas to justify jurisdiction, even when the plaintiff received advice, communications and billings in Texas from the out-of-state attorney.  *See Bergenholtz v. Cannata*, 200 S.W.3d 287, 295 (Tex. App. -- Dallas 2006, no pet.) (declining to exercise personal jurisdiction over nonresident attorney who represented Texas residents in out-of-state lawsuit).

Here, there is not even such tangential or superficial contact with a Texas resident, much less any purposeful contacts with the state of Texas, that could support jurisdiction.  Bryan Cave did not communicate with Plaintiffs in Texas, did not enter into a contract with Plaintiffs in Texas, and did not send any billings to Plaintiffs in Texas or anywhere else.  (App. Ex. 1, at pp. 3-4, ¶¶ 18-20).  The preparation of documents relating to the Patel Plan was done only in Arizona, and not Texas.  (*Id.* at p. 3, ¶ 17).  Thus, there are far less contacts with Texas in this

case than in other cases in which the Court found it could not exercise personal jurisdiction over an out-of-state law firm.

For example, in *Fluharty, et al. v. Lewis, Rice & Fingerlish, et al.*, Case No. 3:04-cv-1177-B (N.D. Tex. May 16, 2005) (Boyle, J.) (*See* App. Ex. 2), this Court also addressed jurisdiction over an out-of-state law firm in a case involving the promotion of an allegedly abusive tax shelter.  In that case, the out-of-state attorney visited Texas to meet with clients and the tax shelter promoter, and he also sent and received numerous communications to and from Texas concerning the alleged tax shelter.  (App. Ex. 2 at pp. 12-18).  The Court nevertheless concluded that there were insufficient contacts to exercise jurisdiction over the out-of-state law firm.

Here, there are no contacts, no visits, and no communications with Texas.  In fact, in another case containing virtually identical allegations against Bryan Cave, the same counsel who represent Plaintiffs in this case acknowledged that the contacts of Bryan Cave with Texas were even weaker than those rejected by this Court in *Fluharty*.  *See Berry, et al. v. Indianapolis Life et al.*, 08-cv-248 (also before this Court).  In this case and *Berry*, it is alleged that Bryan Cave conspired with ECI and Pacific Life to develop and market the Pendulum Plan.  In *Berry*, the plaintiffs (represented by the same law firms and, indeed, the same lawyers who represent Plaintiffs in this case) filed a motion to transfer that case from this Court to the District of Arizona on the grounds that this Court did not have jurisdiction over Bryan Cave, and stated:

> In preparing to assert these new claims, Plaintiffs' counsel examined the jurisdictional facts related to Bryan Cave LLP and Richard Smith and learned that they are not amenable to jurisdiction in Texas.  Specifically, Plaintiffs' counsel are unaware of any jurisdictional facts by which they can allege in good faith that this Court can exercise *in personam* jurisdiction over Bryan Cave LLP and Richard Smith.

(App. Ex. 3, at p. 24, (signed by Eric Madden of Diamond McCarthy LLP)).

At argument before the MDL Panel charged with deciding whether this Court or the District of Arizona should preside over the MDL relating to the promotion of 412(i) Plans, counsel for the *Berry* Plaintiffs made a similar statement:

> [W]e will be suing Bryan Cave and Richard Smith but not in Texas.  There's no general jurisdiction, nor is there specific jurisdiction over him in Texas … I'm just in candor letting you know, we have to sue him and we cannot sign under Rule 11 a pleading that says there is jurisdiction over him in Texas; there isn't.  So we're going to have to file a lawsuit in Arizona against Bryan Cave and against Richard Smith.

(App. Ex. 3, at pp. 69-70, (Transcript of September 25, 2008 Oral Argument Before MDL Panel, David Evans for *Berry* plaintiffs)).

While counsel's motives and strategic considerations may have now changed, the jurisdictional facts have not.  In both actions, the claims and allegations against Bryan Cave are substantially identical.  The only noticeable difference is that Plaintiffs in this case have alleged an attorney-client relationship between Plaintiffs and Bryan Cave.[3]  But as set forth above, numerous cases have made clear that the mere existence of such a relationship, even if properly pled, is not sufficient to confer jurisdiction.  As in any case, Plaintiffs here must demonstrate through specific factual allegations that an out-of-state law firm had sufficient contacts with Texas such that the law firm purposefully availed itself of the privileges and protections of Texas.  The allegations of the FAC and the facts set forth in the Smith Affidavit demonstrate unequivocally that Plaintiffs have fallen far short of meeting their burden.  Each of the claims against Bryan Cave should therefore be dismissed.

---

[3] As explained fully below, no attorney-client relationship exists between Plaintiffs and Bryan Cave.  *See infra*, Section III.C.6.

BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

B.   **Plaintiffs' Claims Are Time-Barred.**

Even if this Court exercised personal jurisdiction over Bryan Cave, it should still dismiss all of the claims against Bryan Cave as they are barred by the applicable statutes of limitations.

1.   Standard of Review.

"[I]t has long been the rule in this circuit that a motion to dismiss under Rule 12(b)(6) is an appropriate vehicle to dispose of a claim where that claim is, on its face, barred by a statute of limitations."  *Patton v. Fujitsu Technology Solutions, Inc.*, No. 3:02-CV-1848-G, 2002 U.S. Dist. LEXIS 21589, at *9 (N.D. Tex. Nov. 7, 2002) (citation omitted).  Federal courts sitting in Texas will apply the governing Texas statutes of limitations and related principles, regardless of the substantive choice of law analysis.  *Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, No. 3:01-CV-2185-D, 2004 U.S. Dist. LEXIS 97, at *8 (N.D. Tex. Jan. 5, 2004); *Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001).  When a plaintiff asserts allegations of fraudulent concealment to avoid a statute of limitations, however, those allegations must be judged by the heightened particularity requirements of Rule 9(b).  *See Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970-971 (5th Cir. 1981).

2.   Each of Plaintiffs' Claims Accrued No Later Than May 2003.

The limitations periods began to run for each of Plaintiffs' claims when they suffered some alleged injury.  *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (citation omitted) ("Normally a cause of action accrues when a wrongful act causes some legal injury."); *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citation and internal quotations omitted) (under Texas law, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.").

BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

According to Plaintiffs' FAC, this injury occurred in or around May 2003 when, in reliance on Defendants' misrepresentations, they were induced to establish the Plan, purchase the life insurance policy from Pacific Life, and pay the "enormous premiums and commissions" required by the policies.  (FAC, ¶¶ 34, 38).  Specifically, Plaintiffs claim that they paid nearly $500,000 in annual premiums beginning in or around May 2003 and, at that time became subject to the "excessive and improper surrender charge of $1,497,272.73."  (FAC, ¶¶ 38, 55).  Thus, by no later than May 2003, Plaintiffs had suffered sufficient alleged injury such that each of their causes of action had accrued.

> 3.   Each of the Limitations Periods Began to Run No Later Than February 13, 2004.

Recognizing that this accrual date, when combined with the governing statutes of limitation, is fatal to their case, Plaintiffs attempt through the FAC to invoke the discovery rule and fraudulent concealment doctrine.  Neither of these doctrines allows them to avoid the statute of limitations bar.

The discovery rule is a "very limited exception to statutes of limitations," *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), that only delays the accrual of a cause of action "until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the facts giving rise to the cause of action."  *Sabine Towing & Transportation Co. Inc. v. Holliday Insurance Agency, Inc*., 54 S.W.3d 57, 60 (Tex. App. -- Texarkana 2001, pet. denied) (citation omitted).  For the discovery rule to apply, "the injury must be inherently undiscoverable," *HECI Exploration Company and Browning Oil Company, Inc. v. Russell H. Neel*, 982 S.W.2d 881, 886 (Tex. 1998) (citation omitted), and thus unlikely to be discovered even through due diligence.  *Sabine Towing*, 54 S.W.3d at 62.

Courts have concluded that investment decisions such as those made by Patel in establishing the Patel Plan "inherently require that the investor exercise due diligence," and thus are not subject to the discovery rule. *Mauskar v. Hardgrove*, No. 14-02-00756-CV, 2003 Tex. App. LEXIS 5117, at *20 (Tex. App. -- Houston Jan 12, 2001, no pet.) (citation omitted); *see also Hunton v. Guardian Life Ins. Co.*, 243 F. Supp. 2d 686, 699-701 (S.D. Tex. 2001) (holding that discovery rule did not apply because plaintiffs had not established inherent undiscoverability of the alleged misrepresentations).  Thus, the discovery rule simply does not apply here.

In addition, even if the rule applies, Plaintiffs should have discovered their alleged injury by no later than February 2004 when the IRS rejected the tax benefits purportedly promised Plaintiffs.  Indeed, such IRS Announcements are the very type of public pronouncements that serve to put a plaintiff on notice of his alleged injury.  *See, e.g., Hutton v. Deutsche Bank AG et al.*, 541 F. Supp. 2d 1166, 1170-71 (D. Kan. 2008) (in tax shelter case similar to the present case, granting motion to dismiss claims as time-barred under Kansas law, in part because IRS Announcement 2002-2 put plaintiffs on notice of their claims).  *See also Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 513 (3d Cir. 2006) (dismissing plaintiffs' claims as time barred because statute of limitations accrued when IRS issued Notice 95-34, which stated that certain life insurance plans, such as the ones invested in by plaintiffs, did not comply with IRS Code).

Plaintiffs' attempt to save their claims by invoking the fraudulent concealment doctrine fails for the same reason.  Similar to the discovery rule, the fraudulent concealment doctrine only tolls the running of a statute of limitations until a plaintiff discovers or, through the exercise of reasonable diligence, could have discovered his or her alleged injury.  *Kerlin v. Concepcion Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008); *Fusco v. Johns-Manville Prods. Corp.*, 643 F.2d 1181 (5th Cir. 1981) ("[t]here cannot be fraudulent concealment of facts which admittedly were

or should have been known by [the plaintiff]").  Because Plaintiffs were on notice of their claims by no later than February 13, 2004, Plaintiffs' fraudulent concealment allegations cannot extend the tolling beyond this date.

Additionally, Plaintiffs' fraudulent concealment allegations are deficient as matter of law, as they simply lump all defendants together and fail to identify any act of concealment by Bryan Cave.  (*See* FAC, ¶¶ 121-22).  It is clear that Rule 9(b) is not met by "general allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another."  *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824-25 (N.D. Tex. 2001) (citations and quotations omitted).

       4.      Each of Plaintiffs' Claims is Time-Barred.

The longest limitations period for any of Plaintiffs' causes of action is four years.[4] Accordingly, to avoid the statute of limitations bar, Plaintiffs would have needed to bring their claims against Bryan Cave no later than February 13, 2008–four years after the IRS allegedly condemned the Pendulum Plan as an illegal an abusive 412(i) plan.  Because Plaintiffs failed to bring their claims with the limitations deadline, each of their claims against Bryan Cave should be dismissed with prejudice.

**C.**    **Plaintiffs Fail to State Any Claims Against Bryan Cave.**

Even if the Court reaches the substance of Plaintiffs' claims against Bryan Cave, they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they fail to allege the requisite legal elements or lack the particularity required by Rule 9(b).

---

[4] The relevant limitations periods are between two years and four years as follows:  civil conspiracy-2 years (Tex. Civ. Prac. & Rem. Code Section 16.003(a)); negligent misrepresentation-2 years (Tex. Civ. Prac. & Rem. Code Section 16.003(a)); professional negligence/malpractice-2 years (Tex. Civ. Prac. & Rem. Code Section 16.003(a)); fraud-4 years (Tex. Civ. Prac. & Rem. Code Section 16.004(a)(4)); and breach of fiduciary duty-4 years (Tex. Civ. Prac. & Rem. Code Section 16.004(a)(5)).

1.    Standard of Review.

On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts all well-pleaded facts as true, and views those facts in the light most favorable to plaintiffs, but it will not strain to find inferences favorable to plaintiffs. *Dorsey v. Portfolio Equities, Inc*, 540 F.3d 333, 338 (5th Cir. 2008). Further, the Court need not accept conclusory allegations as true. *United States ex rel. Willard v. Humana Health Plan of Texas Inc*., 336 F.3d 375, 379 (5th Cir. 2003).

The Supreme Court recently clarified the minimum pleading standard and emphasized that dismissal is proper when a plaintiff fails to "allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp*., 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007)); *see also Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 n.19 (5th Cir. 2008) (adopting *Twombly* plausibility standard). Under the pleading standard enunciated by the Supreme Court in *Twombly*, a plaintiff must provide the grounds of his entitlement to relief; a formulaic recitation of the elements of a cause of action is insufficient. *Twombly*, 127 S. Ct. at 1964-65.

Claims sounding in fraud are also subject to Rule 9(b) and must be pled with particularity. *See Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). Thus, "a conspiracy claim sounding in fraud…is also subject to the heightened pleading requirements of Rule 9(b)." *Bradley v. Phillips Petroleum Co*., 527 F. Supp. 2d 625, 656 (S.D. Tex. 2007). Likewise, negligent misrepresentation claims "that are based on the same set of alleged facts" as the fraud claim must meet Rule 9(b). *Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 722 (5th Cir. 2003).

2.    Plaintiffs Fail to State a Claim for Common-Law Fraud Against Bryan Cave.

Plaintiffs' fraud claim against Bryan Cave must be dismissed because it fails to allege any actionable misrepresentation or omission by Bryan Cave or any intent to induce Plaintiffs' reliance.  To state a claim for fraud based on false representations, a plaintiff must allege that a defendant "made 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury.'"  *Dorsey*, 540 F.3d at 341 (quoting *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929-30 (Tex. 1996)).[5]

Plaintiffs' fraud claim fails because the FAC does not identify a single misrepresentation by Bryan Cave.  Indeed, Plaintiffs do not allege that they ever communicated with or contacted Bryan Cave at any time, or for any reason, much less concerning the Patel Plan or the insurance policies Plaintiffs purchased.  Thus, it is apparent from the face of the FAC that Bryan Cave did not make any representations to Plaintiffs, much less any misrepresentations.

Any attempt to characterize the 1999 opinion that Bryan Cave provided to ECI as a representation to Plaintiffs should be rejected, for a host of reasons.  First, such indirect fraud through an intermediary could only attach if Bryan Cave specifically intended the representations to reach Plaintiffs and induce their reliance, and Plaintiffs' reliance must have been "especially

---

[5] To determine the law to apply to the common law claims, the Court applies the choice of law rules of Texas, which has adopted the Restatement approach.  *See Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 727 (5th Cir. 2003) (citing *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205, 43 Tex. Sup. Ct. J. 595 (Tex. 2000)).  Pursuant to Restatement (Second) Conflict of Laws § 148, the court should consider, among other things, where plaintiffs acted in reliance; where plaintiffs received the representations; where defendants made the representations; and the domicil and residence of the parties.  Although required by the Restatement, Plaintiffs do not clearly identify where they acted in reliance on defendants' representations, where they received these representations, or where defendants made the representations.  Patel does assert he is a Texas citizen and resident, and that Patel P.A. is a professional association organized under Texas law.  (FAC, ¶¶ 4-5).  Assuming that Cushner's representations were directed to Patel in Texas and he relied on them in Texas, Texas law would likely apply.  *See Benchmark Elecs.*, 343 F.3d at 728.

likely" and not merely foreseeable.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 323 (5th Cir. 2002).  Plaintiffs cannot meet this standard because they do not allege (and cannot possibly allege) that Bryan Cave was aware of Plaintiffs in 1999 when it provided the opinion to ECI or that Bryan Cave intended ECI to provide the opinion letter to Plaintiffs four years later.

Second, Plaintiffs do not allege that they ever received or reviewed Bryan Cave's 1999 opinion to ECI.  Although Plaintiffs claim in an entirely conclusory fashion that they relied on the opinion prior to implementing the Plan (FAC, ¶ 38), they fail to allege any facts or circumstances that could possibly support this allegation.  Plaintiffs' offhand suggestion that they may have seen, or perhaps heard about, the opinion letter that Bryan Cave provided ECI four years earlier cannot possibly satisfy the substantive requirements of Texas law or the heightened pleading requirements of Rule 9(b), much less *Twombly's* plausibility standard.

As this Court has previously held, plaintiffs alleging fraud must set forth sufficient facts to show where alleged misrepresentations were received by plaintiffs or where plaintiffs relied on them.  *Enigma Holdings, Inc. v. Gemplus International, S.A.*, No. 3:05-CV-1168-B ECF, 2006 U.S. Dist. LEXIS 72996 (N.D. Tex. Oct. 6, 2006) (Boyle, J.); *see also Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178-79 (5th Cir. 1997) (Plaintiffs fail to satisfy Rule 9(b) when complaint does not allege place where misrepresentations were made).  Plaintiffs fail to identify any of these required facts regarding their supposed reliance on the opinion provided to ECI.

For similar reasons, Plaintiffs fail to state a claim for fraud based on nondisclosure because they have failed to plead that they ever had any communication with Bryan Cave, let alone communications that would have triggered a duty to disclose any information.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 481 (5th Cir. 2000).  In addition, the alleged attorney-client

relationship between Plaintiffs and Bryan Cave cannot support the nondisclosure claim because, according to the FAC, that relationship was limited to drafting documents to establish the Patel Plan.  (FAC, ¶ 38).  Plaintiffs have not identified, and cannot identify, any actionable nondisclosure within the scope of that very narrow relationship, particularly since Plaintiffs have not identified any errors in connection with the drafting of the Patel Plan documents.

Finally, Plaintiffs also have failed to allege the requisite intent.  Although Plaintiffs claim that Bryan Cave knew that ECI would disseminate the opinion letter to others, (FAC, ¶ 29), they do not allege that Bryan Cave intended ECI to provide it to Plaintiffs specifically, and they thus fail to allege that Bryan Cave intended to induce Plaintiffs' reliance.  *See Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & ERISA Litig*.), 490 F. Supp. 2d 784, 823 (S.D. Tex. 2007) (dismissing fraud claim because plaintiffs could not establish intent to induce reliance simply because the defendants' written material was disseminated into the marketplace of investors).[6]

Similarly, Plaintiffs fail to plead with particularity why the alleged misrepresentations were fraudulent when made.  Plaintiffs plead no facts as to why the opinion or the memoranda Bryan Cave allegedly drafted to ECI were false when written.  *See Brothers v. Print, Inc.*, No. 3:07-CV-0415-B, 2007 U.S. Dist. LEXIS 83422, at *15-16 (N.D. Tex. Nov. 8, 2007) (Boyle, J.) (the "why" element of Rule 9(b) is not met when plaintiffs do not allege  facts showing defendant's knowledge of falsity of statements at the time they were made).  It was not until four and a half years after Bryan Cave prepared the opinion that the IRS issued Rev. Rul. 2004-20, in which it allegedly "confirmed" that "the 412(i) plans and policies being marketed by Defendants constituted illegal and abusive tax shelters."  (FAC, ¶ 44).  Plaintiffs refer to other IRS

---

[6] To the extent Plaintiffs intend to rely on alleged representations made by "Defendants" generically, such claims plainly fail to satisfy Rule 9(b).  *See Admiral Ins. Co., et al. v. Heath Holdings USA, Inc.*, No. 3:03-cv-1634-G, 2004

(continued…)

statements concerning the plans and policies, but all of these statements post-date the 1999 opinion letter.  (*See* FAC ¶ 40 (IRS focuses scrutiny on plans and policies [b]eginning in the early 2000s"); *id.* ¶ 41 (referencing statements by Treasury Department and IRS officials at a January 31, 2003 conference)).  Plaintiffs thus do not specifically allege that the ECI opinion was false in September 1999, when it was issued to ECI.[7]

In sum, Plaintiffs' generalized fraud allegations are legally deficient and fall far short of Rule 9(b)'s heightened pleading standard.  They should be dismissed.

### 3.   Plaintiffs Fail to State an Aiding and Abetting Claim.

The Aiding and Abetting Common-Law Fraud claim (Count 8) must be dismissed for the simple reason that the Texas Supreme Court has not recognized it as a separate cause of action. *See Span Enters. v. Wood*, No. 01-07-00364-CV, 2008 Tex. App. LEXIS 9067, at *11 (Tex. App. -- Houston Dec. 4, 2008, no pet. hist.); *Highland Crusader Offshore Partners, L.P. v. Lifecare Holdings, Inc.*, No. 3:08-CV-0102-B, 2008 U.S. Dist. LEXIS 66229, *43 (N.D. Tex. Aug. 27, 2008).  Even if cognizable, this claim should be dismissed as duplicative of the conspiracy to commit fraud claim.  *Highland Crusader*, 2008 U.S. Dist. LEXIS 66229, at *43.

### 4.   Plaintiffs Fail to State a Claim for Civil Conspiracy.

The Civil Conspiracy claim (Count 6) should be dismissed because "[i]ndependent liability for civil conspiracy does not exist" under Texas law.  *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App. -- Houston 2007, no pet.) (citations omitted); *see also Meadows*

---

U.S. Dist. LEXIS 9211, *13 (N.D. Tex. May 21, 2004) (citing *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) ("group pleading…is clearly inadequate to state a claim for fraud").

[7] Any attempt to rely on the two subsequent Bryan Cave memoranda outlining the content and potential consequences of the IRS pronouncements in 2004 also fails.  First, Plaintiffs do not identify a single misrepresentation in those two memoranda. (*See* FAC, ¶¶ 49-53).  Second, Plaintiffs do not allege that they ever received these memoranda.  (*Id.*).  Third, Plaintiffs do not identify any harm or damages related to those memoranda, even if they could satisfy the other necessary elements.

*v. Hartford Life Ins*. Co., 492 F.3d 634, 640 (5th Cir. 2007).[8]  Thus, Plaintiffs were required to

allege that Bryan Cave "was liable for some underlying tort" (*Miller*, 229 S.W.3d at 381), but

they failed to do so because they have not stated a viable cause of action for fraud.[9]

Moreover, the conspiracy claim must be dismissed under *Twombly*, which requires more

than "a naked assertion of conspiracy…without some further factual enhancement."  *Twombly*,

127 S. Ct. at 1966.[10]  In *Twombly* the Supreme Court faulted the plaintiffs for failing to allege a

"specific time, place, or person involved in the alleged conspiracies."  *Id*. at 1970 n.10.   Here,

Plaintiffs' conspiracy claim is also subject to Rule 9(b) because it is and must be based on the

fraud allegations.  *See Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) ("one cannot agree or

conspire to be negligent.").

Yet, Plaintiffs provide only an insufficient "formulaic recitation of the elements" of the

conspiracy claim, rather than the specific time, place, or person involved in the alleged

conspiracy.  Plaintiffs allege that Defendants and Cushner agreed to join a conspiracy to market

and sell life insurance policies and pension plans that had a high risk of not complying with

§ 412(i).  (FAC, ¶¶ 94-95).  But Plaintiffs fail to provide any details about this alleged meeting of

the minds, including where, when, and how such an agreement was entered into—especially

---

[8] Further, as set forth above, Plaintiffs have failed to plead fraud with the particularity required by Rule 9(b), which provides an additional and independent ground for dismissing the conspiracy claim.  *See United States v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 380 (5th Cir. 2004) (stating that whether the "allegation of conspiracy survives will depend largely on whether the underlying allegations of false statements and false claims survive the specificity challenge under Rule 9(b)"); *see also Hernandez v. Ciba-Geigy Corporation USA*, 200 F.R.D. 285, 292 (S.D. Tex. 2001) (when plaintiff fails to plead fraud with particularity, derivative conspiracy claim must also be dismissed).

[9] Although Plaintiffs' Civil Conspiracy claim is vaguely alleged without identifying any specific tort, it could only be based on the alleged fraud, as there is no cause of action for negligent conspiracy.  *See Torres v. Valencia*, No. SA-06-CA-582, 2006 U.S. Dist. LEXIS 94602, *5 (W.D. Tex. Sept. 27, 2006).

[10] The Fifth Circuit has consistently applied *Twombly's* standard outside of the antitrust context, in which it was initially announced by the Supreme Court.  *See, e.g., Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007); *Linquest v. City of Pasadena, Texas*, No. 07-20013, 2008 WL 1726173 (5th Cir. April 15, 2008).  *See also Halaris v. Viacom, Inc.*, No. 3:06-CV-1646-N, 2007 U.S. Dist. LEXIS 85831, at *14 (N.D. Tex. Sept. 21, 2007) ("nothing in the reasoning of [*Twombly*] would appear to limit its scope to Sherman Act claims.").

BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

between Bryan Cave and Cushner, who Plaintiffs do not allege ever met.  Plaintiffs continue to rattle off elements without providing any requisite substance.  For example, Plaintiffs claim that "Defendants," without distinction, "committed multiple unlawful and overt acts to further the object or course of action for its conspiracy."  (FAC, ¶ 98).  These generalized, conclusory allegations fail to satisfy *Twombly's* "plausible claim" standard.  *Accord Love Terminal Partners, L.P. v. City of Dallas, Texas*, 527 F. Supp. 2d 538, 544 (N.D. Tex. 2007) (granting motion to dismiss because plaintiffs "failed to plead any factual enhancement to their legal conclusions concerning defendants' alleged participation in a conspiracy.")

> 5.    Plaintiffs Fail to State a Claim for Negligent Misrepresentation.

Plaintiffs' claim for Negligent Misrepresentation (Count 7) is flawed and should be dismissed on a number of grounds.  First, Plaintiffs are not within the group of individuals who could bring a claim based on the allegations in the FAC.  Second, Plaintiffs have not alleged justifiable reliance.  Third, Plaintiffs fail to allege that Bryan Cave supplied any false information.  Fourth, for reasons discussed above, the claim fails to satisfy Rule 9(b), which it must because it is "intertwined with claims of fraud" and thus subject to the heightened pleading requirements.  *See Kitchell v. Aspen Exploration, Inc*., 562 F. Supp. 2d 843, 852-53 (E.D. Tex. 2007) (applying Rule 9(b) to negligent misrepresentation claim).

To state a claim for negligent misrepresentation under Texas law, a plaintiff must allege that "(1) the defendant made a representation in the course of his business, or in a transaction in which he had a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Great Plains*, 313 F.3d at 318.  Texas courts generally

follow Restatement (Second) of Torts § 552 for negligent misrepresentation claims.  *See Geosearch, Inc. v. Howell Petroleum Corp.*, 819 F.2d 521, 523 (5th Cir. 1987).

When a negligent misrepresentation case is brought against an attorney, "a section 552 cause of action is available only when information is transferred by an attorney *to a known party for a known purpose.*"  *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999) (emphasis added); *see also Abrams Centre National Bank v. Farmer, Fuqua & Huff, P.C.*, 225 S.W.3d 171, 177 (Tex. App. -- El Paso 2005, no pet.).  Plaintiffs cannot establish that they were a "known party" to Bryan Cave because when the opinion letter was issued in 1999, there is no reason to believe that Bryan Cave could have known Plaintiffs even existed.  *See Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 578 (Tex. App. -- Dallas 2007, no pet.) ("non-client cannot rely on an attorney's representations unless the attorney invites that reliance.").

In addition, Plaintiffs cannot establish the reliance element because they never allege that they received the ECI opinion letter from Bryan Cave or otherwise reviewed it; indeed, they allege no contact with Bryan Cave at all.  Since they do not allege that they even received or read the ECI opinion letter, their conclusory allegations of reliance on the opinion (FAC, ¶ 38) are implausible under *Twombly*.  Finally, and as discussed above, even if Plaintiffs could claim justifiable reliance on the opinion letter, they fail to allege that anything in that letter was false in 1999 when it was written.

6.    Plaintiffs' Breach of Fiduciary Duty and Professional Negligence/Malpractice Claims Fail Because Bryan Cave Owed No Duties to Plaintiff and No Attorney-Client Relationship Existed.

Plaintiffs' Breach of Fiduciary Duty (Count 9) and Professional Negligence/Malpractice (Count 10) claims should be dismissed because Plaintiffs' allegations of an attorney-client relationship and fiduciary relationship are facially implausible and fail to set forth the basic

elements of those claims.  Without any elaboration or factual support, Plaintiffs claim that Bryan Cave "act[ed] as Plaintiffs' attorneys" in drafting documents for the Patel Plan in May 2003 (FAC, ¶ 38).  But Plaintiffs do not allege that they ever communicated with Bryan Cave (before or after they established the Patel Plan), that they ever paid Bryan Cave any fees, or that they ever themselves retained Bryan Cave to represent them.  Instead, they allege, *on information and belief,* that someone else (ECI) hired Bryan Cave to represent them.  (*Id.*, ¶ 26).

These entirely conclusory, speculative, inaccurate, and implausible allegations cannot support their malpractice and fiduciary duty claims.  First, the attorney-client relationship fails because Plaintiffs do not allege any contractual relationship with Bryan Cave.  Under Texas law, an attorney-client relationship cannot exist absent privity of contract.  *See Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996); *see also Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995).  Moreover, the existence of an attorney-client relationship is judged by an objective standard.  *SMWNPF Holdings, Inc. v. Devore*, 165 F.3d 360, 365 (5th Cir. 1999).

Yet, Plaintiffs do not allege the existence of any contract, agreement, retention letter, terms, invoices, receipts, or communication of any kind with Bryan Cave that could satisfy such an objective standard.  The best Plaintiffs can offer is speculation, on information and belief, that they retained Bryan Cave "via ECI."  This conclusory allegation is without any factual support and beyond implausible—falling far short of the *Twombly* standard.  The mere fact that Bryan Cave allegedly drafted and submitted plan documentation to the IRS is not enough to establish an attorney-client relationship.  *First Nat'l Bank v. Trans Terra Corp. Int'l*, 142 F.3d 802, 808

(5th Cir. 1998) (absent contractual privity, no attorney-client relationship even though defendant attorney provided title opinion to plaintiff for plaintiff's benefit).[11]

Similarly, Plaintiffs' allegations fail to justify the imposition of a fiduciary duty.  As the Fifth Circuit has noted, "[a] fiduciary duty is not lightly created."  *Great Plains*, 313 F.3d at 320 (citing *Kline v. O'Quinn*, 874 S.W.2d 776, 786 (Tex. App. -- Houston 1994, writ denied)).  Yet, without any elaboration or factual support, Plaintiffs claim that a fiduciary duty was established when Bryan Cave "undertook the representation of Plaintiffs and drafted the plan and documents for Plaintiffs." (FAC, ¶ 114).  Apart from their *information and belief* that someone else retained Bryan Cave to represent them, there is *no factual support in the Complaint* (or in reality) for their assertion that they retained Bryan Cave and established a fiduciary relationship.

But even if the preparation of plan documents created a duty to Plaintiffs, such duty must necessarily be limited to the scope of activities undertaken–namely the preparation and submission of plan documents.  Plaintiffs' malpractice and breach of fiduciary duty claims fail because the FAC fails to allege or identify any supposed mistake, breach, or harm relating to the preparation of the Patel Plan documents, which is at most, all Bryan Cave did while "acting as Plaintiffs' attorneys."  Plaintiffs do not identify any actionable wrong or any actionable harm relating to the preparation of these documents, all of which occurred after Plaintiffs had elected to establish the Patel Plan and had purchased the polices to fund it.  Accordingly, Plaintiffs' malpractice and breach of fiduciary duty claims fail as a matter of law.

---

[11] Plaintiffs tacitly concede the lack of an attorney-client relationship when they allege that, if no such relationship existed, Bryan Cave was negligent for not telling Plaintiffs as much.  (FAC, ¶ 118).  This allegation also fails because it presupposes a duty, which, as described above, never existed.

BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

## **CONCLUSION**

For all of the foregoing reasons, Bryan Cave respectfully requests that the Court dismiss the claims in Plaintiffs' First Amended Complaint against Bryan Cave.

December 31, 2008                                    Respectfully submitted,

/s/ Kelly R. Vickers_____      /s/ Thomas C. Borders_____
Paul E. Coggins                                     Thomas C. Borders, P.C. (*pro hac vice*)
Kelly Rothermel Vickers                              Douglas E. Whitney (*pro hac vice*)
FISH & RICHARDSON, P.C.                              Joshua G. Herman
1717 Main Street                                    MCDERMOTT WILL & EMERY LLP
Suite 5000                                          227 W. Monroe Street
Dallas, TX 75201                                    Suite 4400
Telephone: 214-747-5070                              Chicago, Illinois 60660
Facsimile: 214-747-2091                              Telephone:  312-372-2000
                                                    Facsimile:  312-984-7700

**ATTORNEYS FOR DEFENDANTS BRYAN CAVE LLP AND RICHARD C. SMITH**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 31, 2008, I electronically submitted the foregoing Bryan Cave LLP's and Richard C. Smith's Motion to Dismiss First Amended Complaint and Brief in Support to the clerk of court for the United States District Court for the Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Eric Madden<br>emadden@diamondmccarthy.com<br>**Diamond McCarthy, LLP**<br>Renaissance Tower<br>1201 Elm Street, 34th Floor<br>Dallas, Texas 75270<br>T: 214.389.5300<br>F: 214.389.5399<br>emadden@diamondmccarthy.com<br><br>**ATTORNEY FOR PLAINTIFF** | Gary J. Cruciani<br>gcruciani@mckoolsmith.com<br>Michael P. Fritz<br>mfritz@mckoolsmith.com<br>**McKool Smith**<br>300 Crescent Court, Suite 1500<br>Dallas TX 75201<br>T: 214.978.4009<br>F: 214.978.4044<br><br>**ATTORNEYS FOR PLAINTIFF** |
| Thomas A. Culpepper<br>tculpeppr@thompsoncoe.com<br>Roshanak Khosravighasemabadi<br>rkhosravi@thompsoncoe.com<br>**Thompson Coe**<br>700 North Pearl Street<br>25th Floor - Plaza of the Americas<br>Dallas, Texas 75201<br>T: 214.871.8233<br>F: 214.871.8209<br><br>**ATTORNEYS FOR DEFENDANTS ECONOMIC CONCEPTS, ECI PENSION SERVICES LLC AND KENNETH R. HARTSTEIN** | Charles W. Schwartz<br>charles.schwartz@skadden.com<br>Celso M. Gonzalez-Falla<br>cegonzal@skadden.com<br>Michelle L. Davis<br>midavis@skadden.com<br>James R. Carroll<br>jcarroll@skadden.com<br>Kurt Wm Hemr<br>khemr@skadden.com<br>**Skadden, Arps, Slate, Meagher, and Flom, LLP**<br>1000 Louisiana<br>Suite 6800<br>Houston, Texas 77002<br>T: 713.655.5100<br>F: 713.655.5200<br><br>**ATTORNEYS FOR DEFENDANT PACIFIC LIFE INSURANCE COMPANY** |

*/s/ Kelly R. Vickers*
Kelly R. Vickers

BRYAN CAVE LLP'S AND RICHARD C. SMITH'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT