UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRATUL M. PATEL, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-249-B |
| PACIFIC LIFE INSURANCE COMPANY, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Economic Concepts, Inc., E.C.I. Pension Services, L.L.C., and Kenneth R. Hartstein's (collectively "ECI" or "the Consultant Defendants") Motion for Judgment on the Pleadings, filed October 19, 2010 (doc. 95). Upon consideration of the Motion, the Court finds that it should be and hereby is **GRANTED**. The claims of Plaintiffs Pratul M. Patel, M.D. and Pratul M. Patel, M.D., P.A. (collectively "Patel") asserted against the Consultant Defendants are hereby **DISMISSED WITH PREJUDICE**.

## I.

## BACKGROUND

This case arises from the design, promotion, and sale by ECI and Co-Defendant Pacific Life Insurance Company (collectively "Defendants") of a tax shelter marketed as a "defined benefit plan," which Defendants touted as qualifying for tax benefits under Section 412(i) of the Internal Revenue

Code ("412(i)").[1] According to Patel, unbeknownst to him at the time of purchase, in actuality the plan was an illegitimate tax shelter, and thus ineligible for 412(i) benefits. To make matters worse, in 2005, the Internal Revenue Service conducted an audit of the plan, which resulted in substantial "audit-related fees and expenses," and, according to Patel, will likely result in significant tax liability, including disallowed deductions, penalties and interest. 2d Am. Compl. ("SAC") ¶ 85. Patel charges that Defendants knew or should have known that the plan would be scrutinized by the IRS and deemed abusive and illegal, but they misrepresented and failed to disclose the risks associated with the plan, blinded by the prospect of earning enormous premiums and commissions from the sale of their plans as funded with specially-designed insurance policies.

Plaintiffs are Pratul M. Patel, M.D., P.A., a professional association organized under the laws of the State of Texas with a principal office in Dallas, Texas, and its sole officer and member, Pratul M. Patel, M.D. SAC ¶¶ 4-5. Defendants are Pacific Life Insurance Company ("Pacific Life"), which issued the life insurance policy, Arizona-based consulting firms E.C.I. Pension Services, L.L.C. and Economic Concepts, Inc., and Economic Concepts, Inc.'s Chief Executive Officer and primary shareholder Kenneth Hartstein, which promoted and sold the plan.[2] SAC ¶¶ 6-9. The Second Amended Complaint asserts the following claims against the Consultant Defendants: Count One (violation of Article 21.21 of the Texas Insurance Code); Count Two (negligent misrepresentation);

---

[1] A 412(i) plan under the Internal Revenue Code is an employer-sponsored pension plan that, upon meeting certain requirements, qualifies for favorable tax treatment. *See* 26 U.S.C. § 412(e)(3) (West 2008). A 412(i) plan is funded with insurance products. The Pension Protection Act of 2006, Pub. L. No. 109-280, amended section 412(i), and relocated it to section 412(e)(3).

[2] Patel also previously asserted claims against international law firm Bryan Cave L.L.P. and one of its attorneys, Richard C. Smith, author of a 1999 legal opinion that the plan "more likely than not" would qualify as a 412(i) plan with its associated tax benefits. These claims were dismissed by the Court's Order of May 22, 2009 for lack of in personam jurisdiction and were not reasserted by Patel in his Second Amended Complaint.

Count Three (common law fraud); Counts Four and Five (unlawful or fraudulent business acts and practices under California's Unfair Competition Law, CAL. BUS. & PROF. CODE, § 17200); and Count Six (civil conspiracy). SAC ¶¶ 87-128.

Patel filed this action on February 12, 2008 and then filed his First Amended Complaint on October 10, 2008. On May 22, 2009, the Court issued a decision granting a motion to dismiss filed by Pacific Life. On June 30, 2009, Patel filed a Second Amended Complaint. On August 27, 2010, the Court issued a decision finding that the Second Amended Complaint failed to allege sufficient facts to overcome the previously-stated grounds for dismissal as to Pacific Life and dismissing all claims against Pacific Life under FED. R. CIV. P. 9(b) ("Rule 9(b)") and FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)"). The Consultant Defendants now move for judgment on the pleadings under FED. R. CIV. P. 12(c) ("Rule 12(c)"), arguing that "Plaintiffs' allegations as to ECI are nearly identical to the allegations against Pacific Life" and "Plaintiffs' claims against ECI are completely intertwined with their claims against Pacific Life" and therefore "based on this Court's rulings dismissing claims [against] Pacific Life" the Court should dismiss all claims against them. ECI Br. Supp. Mot. 2. The Consultant Defendants also set forth substantive arguments regarding how the Second Amended Complaint fails under Rule 9(b) and Rule 12(b)(6).

## II.

## LEGAL STANDARDS

A.   *FED. R. CIV. P. 12(b)(6) and 12(c)*

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props.,*

*Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Wright & Miller, Fed. Prac. & P. § 1367, at 509-10 (1990)). The standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & P. § 1368, at 591 (Supp. 2002)).

Under Rule 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a motion to dismiss, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotations omitted). However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face" and "raise [that] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff's claim meets the plausibility threshold when he "pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

B.  FED. R. CIV. P. *9(b)*

A dismissal for failure to plead fraud with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d

4

1015, 1017 (5th Cir.1996). Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The amount of particularity required for pleading fraud differs from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). "When a limitation period looms large and the context strongly suggests that claimed 'fraud' walks close to non-actionable expression of opinion, 9(b) takes on especial force." *Williams*, 112 F.3d at 178. In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). Essentially, the standard requires the Complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of the alleged fraud. *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

## III.

## ANALYSIS

A.  *Negligent Misrepresentation (Count Two) and Fraud (Count Three)*

As an initial matter, the Court notes that Patel's Second Amended Complaint attributes the same alleged misrepresentations and omissions, regarding the legality, risks, and benefits of Patel's

5

412(i)Plan in each of its Counts to both Pacific Life and the Consultant Defendants.[3] SAC ¶¶ 90, 91, 97, 103, 104. In the May 22, 2009 decision granting Pacific Life's motion to dismiss, this Court found that the First Amended Complaint failed to plead with particularity "why" the alleged representations were false when made. The Court observed:

> Overall, Plaintiffs appear to be attempting to use the ultimate rulings and rule making by the IRS in 2004-2005, which they allege resulted in the illegality of Dr. Patel's defined benefit plan under section 412(i), to retroactively demonstrate that representations made by Cushner as agent for Pacific Life were false when made in 2003. That leap of logic fails to explain why each representation was false when made, particularly in light of a legal opinion to the contrary.[4] Alleging that, on information and belief, Pacific Life "received warnings" about the tax risks of the defined benefit plan being marketed by Hartstein/ECI and funded with Pacific Life policies and knew of IRS scrutiny of this type of 412(i) plan in the early 2000s (Compl. ¶ 33) is not the same as alleging that the plan and policy used to [fund] it were illegal when sold to Dr. Patel in May 2003, or that any specific representation allegedly made was false at any time prior to 2004, much less when it was made.

Mem. Op. May 22, 2009 at 23-24. Accordingly, this Court dismissed the negligent misrepresentation and fraud counts for failure to satisfy Rule 9(b). The Court also found that the negligent misrepresentation and fraud claims merited dismissal under Rule 12(b)(6):[5]

---

[3] Most of the alleged representations were attributed specifically to Franck Cushner, "acting as an agent for PacLife and working on its behalf." *See*, *e.g.*, SAC ¶ 57. The Second Amended Complaint also alleges that Jeanmarie Jacoby, an employee of the Consultant Defendants, "made oral representations by telephone to Dr. Patel" between December 2002 and February 2003 that the 412(i) plan "was completely legitimate, properly structured, risk-free, and would provide guaranteed tax benefits and retirement savings for years to come." SAC ¶ 59.

[4] The Court was referring to Patel's allegations that, in September 1999, the law firm of Bryan Cave LLP issued a legal opinion that funding this type of defined benefit plan being marketing to Patel with a life insurance policy issued by Indianapolis Life, or a substantially similar policy "'more likely than not . . . . can meet the requirements of section 412(i) of the Code.'" FAC ¶ 27 (quoting legal opinion).

[5] Plaintiffs asserting fraud claims must allege that 1) the defendant made a material misrepresentation, 2) with knowledge of its falsity, 3) intending to induce reliance, 4) the plaintiffs justifiably relied on the misrepresentation, and 5) the plaintiffs were damaged as a result. *Ins. Co. N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998).

6

> To the extent that Plaintiffs are alleging that any [of the alleged misrepresentations] are forward-looking or are opinions as to how the IRS would treat 412(i) plans at any time after Dr. Patel funded the Patel DBP with a Pacific Life insurance policy in 2003, the Court finds those opinions as to future events non-actionable as the basis for a fraud claim under these circumstances. Each statement allegedly made by Cushner is a statement regarding federal income tax law or policy, including the policies of a third-party government agency–the IRS. As a matter of law, any representation or prediction by any alleged Pacific Life agent as to how the IRS would treat the 412(i) plans, and the funding thereof, in the future is either a non-actionable opinion or was unjustifiably relied upon.

*Id.* at 24 (and cases cited therein).) The Court further explained:

> The allegation that Cushner told Dr. Patel that "he would receive large, tax-free returns from this arrangement" is also a non-actionable opinion of future performance by the IRS. As alleged, the "tax free returns" happen, usually after "five to seven years" or in any event after the 412(i) plan participant buys the insurance policy from the trust holding it. Again, Pacific Life and Cushner are not alleged to be specially situated to predict future tax treatment by the IRS, not would it be reasonable for Plaintiffs to rely on such a projection. There is no allegation that Pacific Life or any of its agents had any special knowledge or ability to control the IRS's enactment or enforcement of its policies related to section 412(i).

*Id.* at 25-26.

In his Second Amended Complaint, Patel attempted to remedy these infirmities by alleging that the representations were false when made in 2003 based on IRS pronouncements made prior to 2001 regarding the valuation of insurance contracts distributed from qualified plans, including Announcement 88-51 and Notice 89-25. SAC. ¶¶ 21-24; Synopsis June 30, 2009 at 1-2. Patel further alleges that Revenue Procedure 2004-16 and the 2005 Final Regulations "did *not* represent a change in the law." Synopsis at 1 (emphasis in original). This Court found in its August 27, 2010 decision, though, that these allegations were insufficient:

> Plaintiffs' amended allegations fail to overcome the Rule 9(b) pleading deficiency previously stated by the Court, namely, Plaintiffs have failed to explain *why* the alleged representations by Pacific Life's purported agents were false when made in 2003. Announcement 88-51 and Notice 89-25 fail to provide the type of definitive

7

guidance about the legality of funding 412(i) plans with specially-designed insurance policies, such as the Pacific Life policy purchased by Plaintiffs, to support the proposition that Pacific Life's agents knew that the alleged representations were false when made in 2003.[6]

This Court further explained that "the only definitive guidance specifically applicable to the 412(i) plans at issue, and the alleged representations made regarding the tax benefits and legality of the plans, appears in the IRS's 2004 revenue rulings and 2005 final regulations."[7] Given Patel's failure to plead fraud with the requisite particularity, the Court dismissed the fraud claim of the Patel's Second Amended Complaint as to Pacific Life for failure to satisfy Rule 9(b). The Court also dismissed the negligent misrepresentation claim as to Pacific Life under Rule 9(b), given that Patel had not urged a separate focus on his negligent misrepresentation claim.

The Court finds that, for the same reasons, Patel's Second Amended Complaint fails to plead with particularity why the Consultant Defendants' alleged representations were false when made –

---

[6] Mem. Op. August 27, 2010 at 6 (citing I.R.S. ANNOUNCEMENT 88-51, 1988-13 I.R.B. 34, 1988 WL 561238 (March 28, 1988) (warning that a valuation method other than insurance policy's cash surrender value "*may* have to be used for purposes of determining the taxable amounts under section 72 of the Code") (emphasis added); I.R.S. NOTICE 89-25, 1989-1 C.B. 662, 1989 WL 587481 (March 20, 1989) (the reserve value may be more appropriate approximation of insurance contract's fair market value in certain circumstances)).

[7] *Id*. at 7; *see also id.* at 7 n.2 (explaining that the 2004 Guidance "clarified key unsettled valuation issue" and citing REV. PROC. 2004-16, 2004-1 C.B. 559, 2004 WL 258225 (March 8, 2004) (providing interim guidance for valuing distributions of insurance policies used to fund 412(i) plans since "[t]he current regulations do not define 'fair market value' or 'entire cash value' and questions have arisen regarding the interaction of those two provisions and whether 'entire cash value' includes a reduction for surrender charges"); REV. RUL. 2004-20, 2004-1 C.B. 546, 2004 WL 259195 (March 8, 2004) (clarifying how to deduct plan contributions when 412(i) plans are funded by life insurance policies in excess of participant's death benefit under plan's terms); REV. RUL. 2004-21, 2004-1 C.B. 544, 2004 WL 259196 (March 8, 2004) (providing guidance regarding whether 412(i) plans funded with life insurance contracts will satisfy the non-discrimination requirements). *See also* Value of Life Insurance Contracts When Distributed From a Qualified Retirement Plan, 26 C.F.R. Part 1, 2005 WL 2053238 (Final Regulations) (Aug. 29, 2005) (amending Treasury Regulation § 1.402 to remove the term "entire cash value" and providing instead that "the policy cash value and all other rights under such contract . . . are included in determining the fair market value of the contract.")).

8

Patel alleges that both the Consultant Defendants and Pacific Life misrepresented the validity and tax consequences of Patel's 412(i) plan *before* the IRS's first definitive guidance on these plans was issued in 2004 and 2005. As such, Count Three as to the Consultant Defendants is hereby **DISMISSED**. Further, as explained by this Court in its August 27, 2010 decision, Patel has not urged a separate focus on the negligent misrepresentation claims but has effectively pled negligent misrepresentation as a lesser-included offense to his fraud claims, such that the negligent misrepresentation claim is also subject to the pleading requirements of Rule 9(b). Mem. Op. Aug. 27, 2010 at 7 n.3 (citing Mem. Op. May 22, 2009 at 31 (and cases cited therein)). As Patel has not pleaded fraud with particularity, his negligent misrepresentation claim must also be dismissed. Accordingly, Count Two as to the Consultant Defendants is hereby **DISMISSED**.

In its August 27, 2010 decision, this Court also found that independent grounds existed to dismiss the negligent misrepresentation and fraud claims against Pacific Life under Rule 12(b)(6):

> The Court now revisits *dicta* in its prior decision, where it stated: "[t]o the extent Plaintiffs are alleging that any [of the alleged representations] are forward-looking or are opinions as to how the IRS would treat 412(i) plans at any time after Dr. Patel funded the Patel DBP with a Pacific Life insurance policy in 2003, the Court finds those opinions as to future events non-actionable as the basis for a fraud claim under these circumstances." [citing Mem. Op. May 22, 2009 at 24]. At the time, the Court did not dismiss the complaint on this basis. In light of the foregoing, however, the Court concludes that the deficiency noted in *dicta* – that, as a matter of law, regulations and rulings by the IRS in 2004 and 2005 cannot be used to show that statements or omissions purportedly made in 2003 were false when made – has not been remedied by Plaintiffs. The amended pleadings detailed above lead to only one conclusion, that is, the Plaintiffs are, indeed, alleging that Pacific Life's alleged agent, Cushner, was giving opinions regarding future tax treatment by the IRS. As the Court stated in its May 22, 2009 opinion, "[a]s a matter of law, any representation or prediction by any alleged Pacific Life agent as to how the IRS would treat the 412(i) plans, and the funding thereof, in the future is either a non-actionable opinion or was unjustifiably relied upon." [citing Mem. Op. May 22, 2009 at 24 (and cases cited therein)]. In short, the Court agrees with Pacific Life that Plaintiffs' amended allegations do not remedy this deficiency.

9

Mem. Op. Aug. 27, 2010 at 7-8. This Court therefore dismissed the negligent misrepresentation[8] and fraud claims under Rule 12(b)(6).[9]

The Court finds that Second Amended Complaint similarly fails to adequately plead why the Consultant Defendants' alleged representations were false statements at the time they were made in 2003. As with statements attributed to Pacific Life, statements attributed to the Consultant Defendants as to future tax treatment by the IRS are non-actionable opinions or statements unjustifiably relied upon. Accordingly, Counts Two and Three are **DISMISSED** as to the Consultant Defendants pursuant to Rule 12(b)(6) for failure to state a claim.

B.    *Statutory Claims (Counts One, Four, and Five)*

Patel pleads the following statutory claims: violations of Article 21.21 of the Texas Insurance Code (Count One) and violations of California's Unfair Competition Law, CAL. BUS. & PROF. CODE, § 17200 (Counts Four and Five). This Court explained in its August 27, 2010 opinion that "[t]hese statutory counts, premised on the same alleged misrepresentations as the fraud claim in Count

---

[8] As noted by the Court in its May 22, 2009 and August 27, 2010 decisions, under Texas law a claim for negligent misrepresentation requires the defendant to misstate an existing fact, and does not occur when the speaker is merely speculating as to a future event. Mem. Op. May 22, 2009 at 32 (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996)); Mem. Op. Aug. 27, 2010 at 8 n.4.

[9] *Id.* at 8 (citing *Williams v. Sidley, Austin, Brown & Wood, LLP*, 816 N.Y.S.2d 702 (Table), 2006 WL 684599, at *5 (N.Y. Super. Ct. 2006) ("The alleged misrepresentations regarding the purported safety and viability of the Coastal III Fund as a tax sheltered investment fall within the category of predictions or expressions of future events, which are neither affirmations of events that when made, the defendants knew or could have known would not occur, nor assertions of present facts that were exclusively within the defendants' knowledge."); *Borba v. Thomas*, 138 Cal. Rptr. 565, 570 (Cal. App. 1977) (finding no reasonable reliance upon a statement that a government agency would approve the parties' contract, as there is no right to rely on the representation of the "future conduct of public officials"); *Bryant v. Transcon. Gas Pipe Line Corp.*, 821 S.W.2d 187, 190 (Tex. App. – Houston 1991, writ denied) (opinions, misrepresentations of law, and predictions of future events are not actionable under Texas law); *Duperier v. Texas State Bank*, 28 S.W.3d 740, 749 (Tex. App. – Corpus Christi 2000, rev. dismissed) (investment advisor's representations that future resetting of interest rate on notes was unlikely is non-actionable opinion)).

Three, are also subject to the Fifth Circuit's pleading requirements of Rule 9(b) applicable to fraud claims."[10] As this Court had already determined that Patel's amended fraud allegations failed to adequately plead why Pacific Life's alleged representations were false at the time they were made in 2003, the Court dismissed Counts One, Four and Five as to Pacific Life pursuant to Rule 9(b).

Likewise, here the Court has already found that the Second Amended Complaint fails to adequately plead why the Consultant Defendants' alleged representations were false at the time they were made in 2003. *See* Section III(A), *infra*. Accordingly, Counts One, Four and Five are **DISMISSED** as to the Consultant Defendants pursuant to Rule 9(b).

C.  *Civil Conspiracy (Count Six)*

Civil conspiracy is defined as "a combination of two or more persons [acting] to accomplish an unlawful purpose, or accomplish a lawful purpose by unlawful means." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). However, civil conspiracy is frequently referred to as a "derivative tort" because "a defendant's liability for conspiracy depends on participation in some underlying tort." *Id.* As the Court has granted the Consultant Defendants' Motion for Judgment on the Pleadings as to Patel's other claims in the Second Amended Complaint, no underlying tort exists on which to base conspirator liability. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997) (granting summary judgment on conspiracy claim noting that "allegations of conspiracy are not

---

[10] Mem. Op. Aug. 27, 2010 at 10 (citing *Frith v. Guardian Life Ins. Co. Am.*, 9 F. Supp. 2d 734, 741-43 (S.D. Tex. 1998) (dismissing fraud-based Texas Insurance Code claim for failure to comply with Rule 9(b)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-1105 (9th Cir. 2003) (CAL. BUS. & PROF CODE, § 17200 claim based on a "fraudulent business act or practice" must be alleged with particularity in accordance with Rule 9(b)); *Kennedy v. Natural Balance Pet Foods, Inc.*, 2007 WL 2300746, at *5-*6 (S.D. Cal. Aug. 8, 2007) (claims asserting violations of California's False Advertising Law at Section 17500 grounded in fraud are subject to Rule 9(b)'s heightened pleading standard); *Germain v. J.C. Penney Co.*, 2009 WL 1971336, at *4 (C.D. Cal. July 6, 2009) (same)).

actionable absent an underlying [tort]"); *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997) (noting that "because the fraud claim fails[,] the fraud based conspiracy claim must fail also"). Accordingly, Count Six is dismissed as to the Consultant Defendants under Rule 12(b)(6).

## IV.

## CONCLUSION

For the reasons stated above, the Court determines that Pratul M. Patel, M.D. and Pratul M. Patel, M.D., P.A. have failed to allege sufficient facts to state their claims against the Consultant Defendants. Accordingly, with respect to the Plaintiffs' Second Amended Complaint (doc. 78) as to Economic Concepts, Inc., ECI Pension Services, LLC, and Kenneth R. Hartstein, it is hereby **ORDERED** that Count One (Chapter 521 of the Texas Insurance Code) is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 9(b); Count Two (negligent misrepresentation) is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 9(b) and 12(b)(6); Count Three (fraud) is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 9(b) and 12(b)(6); Counts Four and Five (California's Unfair Competition Law, CAL. BUS. & PROF. CODE, § 17200) are **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 9(b); and Count Six (conspiracy) is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 12(b)(6).

Normally the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608-09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (while court may dismiss a

claim for failing to comply with Rule 9(b), "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so").

In this case, Patel has had multiple opportunities to state a claim against the various Defendants in this case, including his Second Amended Complaint, filed after the Court's May 22, 2009 decision detailing the deficiencies in the First Amended Complaint. Patel argues that if the Court dismisses any claims against the Consultant Defendants, he should be allowed to amend the Complaint under Rule 15(a), as "this is ECI's first challenge to Dr. Patel's allegations" and also due to various policy reasons. Patel Opp'n 10. While this Order is the first time the Court has considered whether Patel stated a claim against the Consultant Defendants specifically, the allegations against the Consultant Defendants are almost identical to those asserted against Pacific Life, which were first dismissed without prejudice by the Court's Memorandum Opinion dated May 22, 2009 and then dismissed with prejudice in the Court's Memorandum Opinion and Order dated August 27, 2010. Under these circumstances, the Court determines that allowing further amendment will be futile and cause needless delay.[11] Accordingly, in its discretion, the Court determines that further amendment of the pleadings is not warranted.

---

[11] Patel previously filed a Motion for Reconsideration and Leave to Amend requesting that the Court reconsider its August 27, 2010 Memorandum Opinion dismissing all claims against Pacific Life and requesting leave to amend his complaint a third time. The Court denied this Motion on September 28, 2010.

SO ORDERED.

Dated: March 8, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE